*Del Cid-Gonzalez v. Garland*

BIA
Douchy, IJ
A208 893 299
A205 876 937

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of May, two thousand twenty-four.

PRESENT:
> REENA RAGGI,
> JOSEPH F. BIANCO,
> ALISON J. NATHAN,
> > *Circuit Judges.*

_____

GILMA MARILY DEL CID-GONZALEZ,
J. B. G.,
> *Petitioners,*

v.                                                                22-6239
                                                                    NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:** Nicholas J. Mundy, Esq., Brooklyn, New York.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Melissa Neiman-Kelting, Assistant Director; Jennifer P. Williams, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Gilma Marily Del Cid-Gonzalez and her minor son, natives and citizens of El Salvador, seek review of a BIA decision affirming an Immigration Judge ("IJ") decision denying Del Cid-Gonzalez's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] *In re Gilma Marily Del Cid-Gonzalez and J. B. G.*, Nos. A 208 893 299, A 205 876 937 (B.I.A. Apr. 21, 2022), *aff'g* Nos. A 208 893 299, A 205 876 937 (Immig.

---

[1] Del Cid-Gonzalez's son was a derivative on her application. Any issues relating to the agency's denial of her son's separate application for relief, and the denial of Del Cid-Gonzalez's applications for withholding of removal and CAT relief, have been waived because no arguments were raised regarding these applications in their brief. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief." (quotations omitted)).

Ct. N.Y. City Sept. 17, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we review the IJ's decision as modified by the BIA. *Wei Sun v. Sessions*, 883 F.3d 23, 27 (2d Cir. 2018). We review factual findings for substantial evidence and questions of law and application of law to fact *de novo*. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

We deny the petition as to asylum. "The burden of proof is on the applicant to establish that . . . race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i). "To qualify as persecution the conduct at issue must be attributable to the government, whether directly because engaged in by government officials, or indirectly because engaged in by private persons whom the government is unable or unwilling to control." *Scarlett v. Barr*, 957 F.3d 316, 328 (2d Cir. 2020) (quotations omitted).

The agency did not err in finding Del Cid-Gonzalez failed to meet her burden of proving the Salvadoran government is unable or unwilling to protect

3

her. Del Cid-Gonzalez never notified the police of the rape because her rapist threatened to kill her if she did so, and she believed the police were allied with her rapist's gang. But Del-Cid Gonzalez noted that her rapist was later sentenced to four to five years in prison after two other women notified the police that he had sexually assaulted them. Therefore, by her own admission, the authorities acted appropriately once they were made aware her rapist was attacking women, and Del Cid-Gonzalez points to no specific evidence showing that police would act differently if he were to try to harm her again.

Del Cid-Gonzalez's country conditions evidence, which shows that Salvadoran laws against rape and domestic violence are poorly enforced, is nevertheless insufficient given the evidence that the government did enforce the law against her attacker. *See Singh v. Garland*, 11 F.4th 106, 116–17 (2d Cir. 2021) ("General country-conditions evidence does not on its own compel the conclusion that an individual will be persecuted[.]"). While "police unwillingness to protect a similarly-situated refugee may establish that the government is unable or unwilling to protect the applicant," "each asylum claim must be considered on its own merits." *Pan v. Holder*, 777 F.3d 540, 545 (2d Cir. 2015). And here, her rapist's other victims were similarly situated to her, and the Salvadoran

4

government was able and willing to protect them. The lack of specific evidence showing that the government would not arrest her rapist if it were notified by Del Cid-Gonzalez is fatal to her asylum claim. *See Singh*, 11 F.4th at 117 ("Asylum and other forms of immigration relief are individual remedies designed to avoid persecution inflicted on particular persons."); *see also Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005) (requiring "additional particularized evidence" outside of country conditions reports to meet burden for relief).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

<div style="margin-left: auto; width: fit-content;">

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

</div>